J Gerard Flynn, Administrator (Estate of John A. Maxwell), et al. *v.* The Physicians Casualty Association of America

Superior Court      Fairfield County      File No. 100543

Memorandum filed March 14, 1957.

*Goldstein, Flynn & Brannelly,* of Bridgeport, for the plaintiffs.

*Boardman, Stoddard & McCarthy,* of Bridgeport, for the defendant.

Shannon, J. This is an action for damages on an insurance policy issued to the late John A. Maxwell insuring him against accidental death, which it is alleged occurred on February 22, 1956.

Section 2793d of the 1955 Cumulative Supplement to the General Statutes provides that "(a) Any of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign or alien insurer: (1) The issuance or delivery of contracts of insurance to residents of this state ... ; (2) the solicitation of applications for such contracts; (3) the collection of premiums, membership fees, assessments or other considerations for such contracts; or (4) any other transaction of the business of insur-

ance, is equivalent to and shall constitute an appointment by such insurer of the insurance commissioner and his successor or successors in office, to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit or proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contracts of insurance, and any such act shall be signification of its agreement that such service of process is of the same legal force and validity as personal service of process in this state upon such insurer."

The complaint alleges that the defendant has transacted the business of insurance in this state in that it delivered contracts of insurance to residents of this state, solicited applications for such contracts, collected membership fees, assessments and other considerations for such contracts and has come into the state to investigate the claim of the plaintiffs as well as other claims. The defendant has pleaded in abatement, alleging that it has done none of these things except by mail from out of the state and has not come into the state to investigate any claims except by wholly independent, uncontrolled investigating agencies. The plaintiffs have demurred to this plea in abatement.

There have been holdings that this ran counter to due process and was an improper effort to regulate the use of the United States mail. However, Judge Medina in *Schutt* v. *Commercial Travelers Mutual Accident Assn.*, 229 F.2d 158 (1956), said, "We think a fair balancing of the inconveniences discloses a situation which is unduly burdensome and in a high degree unjust to the holders of defendant's policies and that consequently the legislation in question does not run counter to the due process clause of the Constitution. Nor do we find any merit in defendant's other contention, that the legislation

is unconstitutional as an improper attempt to regulate the use of the United States mail." Certiorari was denied by the United States Supreme Court, 351 U.S. 940 (1956). The court agrees. See also *Travelers Health Assn.* v. *Virginia ex rel. State Corporation Commission,* 339 U.S. 643 (1950; *International Shoe Co.* v. *Washington,* 326 U.S. 310 (1945).

The demurrer is sustained.